UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**GEORGE E. CARTER-EL,**             )
                                    )
        **Plaintiff,**              )
                                    )
        v.                          )   Civil Action No. 11-1107 (RBW)
                                    )
**DISTRICT OF COLUMBIA**             )
**DEPARTMENT OF CORRECTIONS**        )
*et al.*,                            )
                                    )
        **Defendants.**             )
_____ )

**MEMORANDUM OPINION**

In this action brought *pro se,* the plaintiff is a District of Columbia prisoner suing the District of Columbia Department of Corrections ("Department of Corrections") and the United States Parole Commission ("Parole Commission") for allegedly "imposing an unlawful term of parole without judicial authorization . . . ." Civil Rights and Federal Tort Claim Acts Pursuant to 42 U.SC. § 1983 and 28 U.SC. §§ 2671-2680 ("Compl.") at 1. In dismissing an earlier action for habeas corpus relief filed by the plaintiff based on the same events underlying this action, the Court rejected the foregoing argument as "lack[ing] a basis in law and reason" because it found that the Parole Commission properly exercised parole supervision over the plaintiff and did not usurp the authority of the sentencing judge. *Carter-El v. Fulwood*, 819 F. Supp. 2d 38, 40-41 (D.D.C. 2011).

The Parole Commission moves to dismiss the instant complaint for monetary damages under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

*See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") [Dkt. # 9] at 1. The plaintiff has opposed the defendant's motion and moves for summary judgment under Rule 56. Plaintiff's Opposition and/or Summary Judgment Pursuant to Defendant's Motion to Dismiss His Complaint ("Pl.'s Opp'n") [Dkt. # 13]. Upon consideration of the parties' submissions, the Court will grant the federal defendant's motion to dismiss and will deny the plaintiff's motion for summary judgment. In addition, the Court, acting *sua sponte*, will dismiss the complaint against the Department of Corrections because it is not a suable entity.

## I. BACKGROUND

The relevant facts as set forth in the Court's published opinion issued in the earlier related habeas case, *Carter-El v. Fulwood*, Civ. No. 10-1778 (RBW), are as follows.

> On January 29, 1986, the petitioner pled guilty in the Superior Court of the District of Columbia to one count of armed robbery, and, on March 18, 1986, was sentenced to a prison term of nine to 27 years . . . . On December 15, 1987, the petitioner was convicted following a jury trial in Superior Court of two counts of armed robbery and one count of carrying a pistol without a license ("CPWL"); he was sentenced on March 24, 1988, to a prison term of 13 to 40 years . . . . On October 17, 2001, following a remand of the petitioner's criminal case to the Superior Court, the District of Columbia Court of Appeals ultimately affirmed the armed robbery and CPWL convictions. *See Carter v. United States*, 791 A.2d 23 (D.C. 2001); *Carter v. United States*, 684 A.2d 331 (D.C. 1996).
> . . . . Currently, the petitioner's aggregate sentence of 22 to 67 years' imprisonment based on the foregoing Superior Court sentences imposed in March 1986 and March 1988 is set to expire on April 3, 2053.
> On January 30, 2009, the petitioner was released to parole supervision under conditions set by the [Parole Commission] . . . . On December 7, 2009, the [Parole Commission] issued a parole violator warrant based on the petitioner's alleged illegal use of a controlled substance, his failure to submit to mandatory drug testing, and his arrest for several criminal offenses; the warrant was executed on April 29, 2010 . . . . Following a probable cause hearing on May 4, 2010, at which the petitioner was represented by counsel, the [Parole Commission's] hearing examiner found probable cause and scheduled a parole revocation hearing on June 7, 2010 . . . . When the petitioner, his counsel, and all but one of the requested witnesses failed to appear at the scheduled revocation hearing, the hearing examiner surmised that "there

2

> was a mix up in the case," continued the matter, and indicated that the "hearing must be heard sometime before 7/25/10 . . . ." In November 2010, the [Parole Commission] realized that the petitioner had not received a revocation hearing and, through a series of e-mails with the petitioner's attorney, rescheduled the hearing for February 10, 2011 . . . .
>
> Following the petitioner's parole revocation hearing on February 10, 2011, the [Parole Commission] found no parole violation and ordered the petitioner's release again to parole supervision.

*Carter-El*, 819 F. Supp. 2d at 39-40.

On June 16, 2011, the plaintiff filed this civil action seeking $3 million in monetary damages. Compl. at 12. Although the plaintiff listed his address in the complaint's caption as a residence in the District of Columbia, his current address of record is the District of Columbia Jail. In his complaint in this case, the plaintiff invokes the Fifth and Eighth amendments to the Constitution and also purports to bring a common law negligence claim. *See id*. at 8-10; *see also* Pl.'s Opp'n at 2 ("In June, 2011, Carter-El commenced a civil rights complaint against the officials of the D.C. Dep[artment] of Corrections . . . purporting to allege Fifth and Eighth Amendment to the United States Constitution . . . .")

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction

"Federal district courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The plaintiff therefore bears the initial burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over his claim. *Id.*; *see Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). In deciding a motion brought under Rule 12(b)(1), the Court "may consider materials outside the pleadings" and it must "accept all of the

factual allegations in the complaint as true." *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

The federal defendant argues correctly that only the United States is subject to suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 (2011). Def.'s Mem. at 9. Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992). A waiver of immunity is strictly construed in favor of the government, *Orff v. United States*, 545 U.S. 596, 601–02 (2005), and the United States' consent to be sued establishes the scope of the Court's jurisdiction, *see United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Absent a waiver, sovereign immunity shields the Federal Government . . . from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Despite its role in administering parole for D.C. Code offenders, the Commission retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). "[A] plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006) (citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003)).

The FTCA is an example of Congress' waiver of sovereign immunity. Under the FTCA, the United States consents to suit in federal district court for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). The FTCA does not waive sovereign

immunity for constitutional torts.  *Zakiya v. United States*, 267 F. Supp. 2d 47, 55-56 (D.D.C. 2003).  Therefore, the Court lacks jurisdiction over the plaintiff's tort claims premised on violations of the Fifth and Eighth amendments.

The plaintiff does not refute and, thus, has conceded the federal defendant's characterization of his negligence claim as "essentially a claim of false imprisonment based upon his alleged unlawful parole term and the Commission's delay in conducting his revocation hearing."  Def.'s Mem. at 11; *see Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded[.]"); Order of November 1, 2011 [Dkt. # 10] (advising the plaintiff about his obligation to respond to the defendant's dispositive motion and the consequences if he did not).  The defendant asserts correctly that "neither the professional staff of the Commission, nor the Commissioners are investigative or law enforcement officers . . . within the meaning of [28 U.S.C.] § 2680(h)."  Def.'s Mem. at 11; *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) (discussing transfer to the Parole Commission of "jurisdiction and authority [over D.C. Code offenders] . . . to grant and deny parole, and to impose conditions upon an order of parole . . . .") (quoting National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745)); *see generally* D.C. Code § 24-131 (1998) (establishing powers and duties of the Parole Commission over D.C. Code offenders).  Since § 2680(h) of the FTCA permits a claim of false imprisonment to be brought only against United States officers "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law," authority which the Parole Commission officials lack, the Court finds that it lacks jurisdiction over the plaintiff's false imprisonment claim against the Parole Commission.

Finally, to the extent that the plaintiff is bringing a claim of negligence against the Parole Commission, the Court finds that it is not actionable because "the FTCA makes it clear that a tort claim cannot be sustained against the United States where there is not an analogous claim available against a private person under the state law of the jurisdiction [where] the event or omission occurred[,]" *Pate v. United States*, 328 F. Supp. 2d 62, 76 (D.D.C. 2004) (citing 28 U.S.C. § 1346(b)(1)) (other citation omitted), and "a private person could not be sued under District of Columbia law for failing to adhere to a legal requirement imposed on a federal agency, here the requirement that parolees receive timely parole revocation decisions." *Id*. (footnote omitted). Therefore, the Court will grant the federal defendant's motion to dismiss the plaintiff's FTCA complaint under Rule 12(b)(1).

### B. Dismissal of the Remaining Defendant as Non Sui Juris

The complaint against the Department of Corrections, the only other named defendant to this action, must be dismissed because the Department of Corrections is not an entity capable of being sued separate from the District of Columbia. *See Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997) (dismissing claims against the Department of Corrections as a non-suable entity "or *non sui juris*"). Substitution of the District of Columbia in this case would be futile because where, as here, the success of the plaintiff's claim of unlawful custody "would necessarily imply the invalidity" of his confinement, the plaintiff cannot recover monetary damages for his alleged unlawful custody without first invalidating his sentence via a writ of habeas corpus or some other official proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Since the plaintiff was unsuccessful in the related habeas proceeding, and has not shown that the challenged custody has been invalidated by any other means, any claim brought against the District of Columbia for "monetary damages in connection with the time [the plaintiff] was in custody pending his parole

revocation hearing . . . [would be] barred by *Heck v. Humphrey* . . . .*" Johnson v. Fenty*, No. 10–5105, 2010 WL 4340344, at *1 (D.C. Cir. Oct. 1, 2010) (per curiam) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court will grant the federal defendant's motion to dismiss the complaint under Rule 12(b)(1) and will deny the plaintiff's motion for summary judgment. In addition, the Court, on its own motion, will dismiss the claims against the District of Columbia Department of Corrections because it is *non sui juris*.[1]

_____s/_____
Reggie B. Walton
United States District Judge

Date: September 28, 2012

---

[1] A separate final Order accompanies this Memorandum Opinion.